UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GURMEET KAUR | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6830 |
| WHOLE FOODS MARKET, INC., ET AL. | * | SECTION "A" (2) |

## ORDER AND REASONS

Pending before me is Defendant Whole Food Company, Inc.'s Motion to Compel. ECF No. 32. Originally scheduled for submission on Wednesday, March 19, 2025, the parties continued the submission date to April 30, 2025. ECF Nos. 32-10, 38, 40. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, April 22, 2025. *See* E.D. La. L.R. 7.5.

Having considered the record, the written submissions of counsel, the lack of Opposition, the applicable law, and finding that the motion has merit, the motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.      BACKGROUND**

Defendant issued discovery on September 13, 2024, and despite repeated requests and expiration of agreed extension deadlines, Plaintiff provided no response until December 17, 2024. ECF No. 32-1 at 2-3. Defendant contends that Plaintiff's responses consisted of only boilerplate, general objections and numerous specific objections despite being delivered well after the deadline. *Id.* at 3. Further, Defendant specifically requests that Plaintiff be ordered to identify all other lawsuits to which she is a party (Interrogatory No. 9) and respond with more than a reference to her pleadings in response to Requests for Production Nos. 39, 41, 43, 44, 48, 50, 65, 67, 70, 71, 80, 81, 88, 89, and 92-106. *Id.* at 7-9.

1

II.     **APPLICABLE LAW**

Rule 26 of the Federal Rules of Civil Procedure authorizes parties to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Information need not be admissible into evidence to be discoverable. *Id.* Rather, the information merely needs to be ***proportional*** and ***relevant*** to any claim or defense. *Id.*

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[1] and courts have long interpreted the rules to prohibit general, boilerplate objections.[2] Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[3] Proper objections must be specific and correspond to specific discovery requests.[4] Further, it is improper for parties responding to discovery to provide responses with the

---

[1] 8B CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2173 (3d ed. 2021).
[2] *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (citation omitted) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request"); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990) (objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each . . . [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate) (citations omitted).
[3] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case"). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).
[4] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

caveat that they are given "subject to and without waiving" objections. Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[5]

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[6] The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[7] Any objection must clearly state how the information sought is not relevant to any claim or defense or how the request is overbroad, burdensome or oppressive.[8]

Interrogatories must be "answered separately and fully in writing and under oath." FED. R. CIV. P. 33(b)(3). Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[9] The fact that an interrogatory calls for a thorough response—one that will take time and effort to

---

[5] *Heller v. City of Dallas*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [, but the practice] 'manifestly confus[es] (at best) and mislead[s] (at worse)[] and has no basis at all in the Federal Rules of Civil Procedure.'" (citation omitted)).
[6] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[7] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (citation omitted).
[8] *Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (citation omitted) (noting objections are boilerplate and insufficient if they merely state the legal grounds for objection without specifying how the discovery request is deficient and specifying how the objecting party would be harmed if it were forced to respond).
[9] *Lopez* , 327 F.R.D. at 579 (citing 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2174 (3d ed. 2013)).

answer—does not make it improper.[10]  Where an interrogatory answer "'as a whole discloses a conscientious endeavor to understand the question and to answer fully that question,' a party's obligation under Rule 33 is satisfied."[11]

A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody, or control.  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1).  When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."[12]  Objections interposed without also indicating whether any document or information is being withheld are improper.[13]  Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[14]

In responding to a Rule 34 document request, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence in attempting to locate responsive documents.[15]  If responsive documents exist but the responding party claims lack of possession, control, or custody, that party

---

[10] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).
[11] *Id.* (brackets omitted) (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2177 (3d ed. 2013))).
[12] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).
[13] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).
[14] *Id*. (citation omitted) ("Objections that fail to provide an appropriate factual basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").
[15] *Heller*, 303 F.R.D. at 485.

must so state with sufficient specificity to allow the court to conclude that the responses were made after a case-specific evaluation and to evaluate the merit of that response.[16] Of course, the court cannot compel a party to produce documents that do not exist.[17] When an attorney, as an officer of the court, represents that documents do not exist, courts may require a certification or "confirmation" that the discovery at issue does not exist.[18] If the other party has or acquires evidence that the response is incomplete or that the affidavit or representation is false, then other remedies may be sought by motion.[19]

### III.  ANALYSIS

Plaintiff's general objections (ECF No. 32-7 at 1-1) are not tethered to specific discovery requests; therefore, the objections are improper boilerplate objections that are overruled. If any response is incomplete in reliance on these "general objections, Plaintiff is hereby ordered to supplement the responses to fully respond to the discovery request.

Defendant's motion to compel is granted in part and denied in part as to Interrogatory No. 9. Plaintiff's response, which appears to be based on her memory alone, is insufficient. The Federal Rules require Plaintiff to review all sources of responsive information reasonably available

---

[16] *Id.*
[17] *Butler v. La. Dep't of Pub. Safety & Corrs.*, No. 12-420-BAJ-RLB, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *accord Payne v. Forest River, Inc.*, No. 13-679-JJB-RLB, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, No. 17-312-BAJ-RLB, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).
[18] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80-BAJ-RLB, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see also Callais*, 2018 WL 6517446, at *7 (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs.*, No. 3-13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First American Real Estate Info. Servs., Inc.*, No. 3-04-1059-B, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").
[19] *Henderson v. Compdent of Tenn., Inc.*, No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).

and provide the responsive, relevant facts.  As drafted, however, the interrogatory is not limited as to subject matter regarding either litigation similar to that at issue in this case or litigation involving injuries or conditions similar to that alleged in this case.  Therefore, the interrogatory appears to seek information outside the scope of Rule 26.  Plaintiff must supplement her response to the interrogatory to provide responsive information as to any litigation involving similar injuries or conditions as alleged in this case.

Request Nos. 39, 41, 43, 44, 48, 50, 65, 67, 70, 71, 80, 81, 88, 89, and 92-106 all demand production of documents that "tend to prove, disprove, relate to, or discus" certain allegations in the complaint.  ECF No. 32-8.  Plaintiff objected on the basis that the request is more appropriate for deposition testimony and referred Defendant to the interactions outlined in the complaint. Plaintiff's objection is overruled because a request for documents is not more appropriately addressed in a deposition.  Further, Plaintiff's responses are insufficient and do not comply with her obligations under Rule 34.  Plaintiff must provide supplemental responses and either produce particular responsive documents or, after making reasonable inquiry determines no responsive documents exist, specifically state that she has made a reasonable inquiry and exercised due diligence in attempting to locate responsive documents but was unable to locate any responsive documents.

## IV.    CONCLUSION

Having considered the record, the written submissions of counsel, the lack of Opposition Memoranda, the applicable law, and finding that the motion has merit,

IT IS ORDERED that the Motion to Compel is GRANTED IN PART AND DENIED IN PART with regard to Interrogatory No. 9 and GRANTED as to the remaining items.

IT IS FURTHER ORDERED that Plaintiff provide supplemental responses within 14 days (i,e,, by May 14, 2025).

New Orleans, Louisiana, this 30th day of April, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE